IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT AND DIANE ALLISON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 05-992L |
| v. | Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**ANSWER**

Pursuant to Rules 7(a), 8(b) and 12 of the Rules of the United States Court of Federal Claims, Defendant, the United States of America, answers the allegations in the numbered paragraphs of Plaintiffs' Class Action Complaint as follows:

1. Defendant admits that Robert and Diane Allison are the named plaintiffs in this case, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis denies those allegations. Defendant avers that the question of whether Plaintiffs Robert and Diane Allison own a fee simple interest calls for a legal conclusion, to which no response is required.

2. The allegations in Paragraph 2 contain legal conclusions, to which no response is required. Defendant avers that 28 U.S.C. § 1491(a)(1) (the "Tucker Act") is the principal statute conferring jurisdiction on this Court.

3. The allegations contained in the first, second, and seventh sentences of Paragraph 3 constitute legal conclusions, to which no response is required. The allegations contained in the

third, fourth and fifth sentences of Paragraph 3 are admitted. With regard to the sixth sentence of Paragraph 3, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

4. There is no Paragraph 4 in Plaintiffs' Complaint.

5. The allegations in Paragraph 5 constitute legal conclusions, to which no response is required.

6. The allegations in the first sentence of Paragraph 6 constitute Plaintiffs' characterization of the National Trail System Act of 1983, 16 U.S.C. § 1247(d) ("NTSA"), which require no response. The NTSA must be read as a whole and the statute itself is the best evidence of its content and requires no response. With regard to the second and fifth sentences of Paragraph 6, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies them. Defendant admits the allegations in the third and fourth sentences of Paragraph 6.

7. The allegations contained in Paragraph 7 constitute legal conclusions, to which no response is required.

8. Defendant admits that it has not condemned the subject property, but denies the legal conclusion that there has been a "conversion" of the subject property.

9. The allegations in the first and second sentence of Paragraph 9 are Plaintiffs' characterization of the Fifth Amendment of the United States Constitution and 28 U.S.C. § 1491(a), both of which are the best evidence of their contents. The remaining allegations contained in Paragraph 9 constitute legal conclusions, to which no response is required. Defendant specifically denies that Plaintiffs are entitled to just compensation.

The remaining allegations constitute Plaintiffs' prayer for relief, to which no response is required.

All allegations of the Class Action Complaint that have not been specifically admitted, denied or otherwise answered are hereby denied.

AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint is captioned as a class action complaint. However, Plaintiffs have failed to allege sufficient facts to support a class action under RCFC 23.

2. Those Plaintiffs or proposed class members who did not own an interest in the property allegedly taken on the date that the Surface Transportation Board issued its Notice of Interim Trail Use ("NITU") lack standing to bring a takings claim under the Fifth Amendment.

WHEREFORE, Defendant requests that this Court dismiss this action, deny in all respects the relief sought by Plaintiffs, enter judgment for Defendant, and grant Defendant such other relief as the Court may deem just and proper.

DATED: November 14, 2005

Respectfully submitted,

Kelly A. Johnson
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ G. Evan Pritchard
G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov
Attorney for Defendant United States

Of Counsel:

Evelyn Kitay
Surface Transportation Board
Office of General Counsel
1925 K Street, N.W.
Suite 600
Washington, D.C. 20423

315850.1