IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT AND DIANE ALLISON, individually and on behalf of all others similarly situated, | ) | No. 05-992L |
| Plaintiffs, | ) | Judge Thomas C. Wheeler |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY STATUS REPORT

Plaintiffs, Robert and Diane Allison, and Defendant, the United States of America, by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A.

## A. JURISDICTION

The parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim of a Fifth Amendment taking.

## B. CONSOLIDATION

The parties do not believe that this case needs to be consolidated with any other case.

## C. BIFURCATION

The parties believe that this case should be bifurcated for reasons of judicial and litigant efficiency. In the liability phase, the Court can adjudicate whether there has been a taking of Plaintiffs' alleged property rights. It will be far more efficient to prepare and litigate the

valuation phase of the case once it has been clearly established what rights, if any, have been taken.

D. DEFERRAL OF PROCEEDINGS

The parties do not believe that this case should be deferred pending consideration of another case before this Court.

E. REMAND OR SUSPENSION

The parties will not seek remand or suspension.

F. ADDITIONAL PARTIES

Plaintiffs intend to move for class certification under RCFC 23. The parties propose the following briefing schedule.

(1) By April 3, 2006, Plaintiffs shall file its Motion for Class Certification.

(2) Defendant shall file its opposition, if any, by May 3, 2006.

(3) Plaintiffs shall file its reply by June 2, 2006.

G. MOTIONS

The parties do not currently intend to file any motions pursuant to RCFC 12(b) or 12(c). Defendant may file a Motion for Summary Judgment after a ruling on class certification and at the conclusion of discovery.

H. RELEVANT FACTUAL AND LEGAL ISSUES

(1) Whether this case meets the requirements for class action status.

(2) Whether Plaintiffs' alleged property rights in land underlying former railroad rights-of-way ("ROWs") are compensable under the Fifth Amendment.

(3) If these rights constitute compensable property rights, have they been taken by actions of the United States pursuant to the National Trails System Act of 1983, 16 U.S.C. § 1247(d) ("NTSA").

(4) If compensable property rights have been taken, what just compensation is due Plaintiffs.

I. SETTLEMENT

The parties are working together in the hope of resolving this case without the need for a trial. Defendant has already provided Plaintiffs with historical documents relevant to this case, which were retrieved from the National Archives and Records Administration ("NARA") facility in College Park, Maryland. Plaintiffs are now in the process of locating relevant real estate documents at the Sedgwick County Register of Deeds by which the railroads originally acquired their property interests in the ROWs at issue and will provide them to Defendant.

J. TRIAL

The parties believe a determination of the need for a trial is premature at this time. As mentioned above, the parties are working together in an effort to resolve this case without a trial.

K. DISCOVERY PLAN

| | |
|---|---|
| Plaintiffs' Motion for Class Certification | April 3, 2006 |
| Defendant's Opposition to Plaintiffs' Motion for Class Certification | May 3, 2006 |
| Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Class Certification | June 2, 2006 |

After the Court rules on Plaintiffs' Motion for Class Certification, the parties will propose a complete discovery schedule within seven (7) days of the order.

The parties do not have any special issues regarding electronic case management needs.

L. OTHER

There are no other matters that the parties believe they need to bring to the Court's attention at this point in time.

Counsel for Defendant has conferred with counsel for Plaintiffs concerning the contents of this report, and counsel for Plaintiffs has authorized counsel for Defendant to file this report on behalf of both parties.

Dated: January 5, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

s/ HelenAnne Listerman
HELENANNE LISTERMAN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0239
Fax: 202-305-0506
Email: HelenAnne.Listerman@usdoj.gov

Of Counsel:
Evelyn Kitay
Surface Transportation Board
Office of General Counsel
1925 K Street, N.W.
Suite 600
Washington, D.C. 20423